## JOSIAH W. BEGOLE v. OREN STONE.

*Sale—Retention of title as security—Bona fide incumbrancer—Charge to jury.*

Where the *bona fide* holder of a chattel mortgage replevied the property from a third party, who claimed to have sold it to the mortgagor, conditionally, retaining the title until paid for, his rights under such sale should not be submitted to the jury apart from the circumstances tending to show, as claimed by the plaintiff, that by his conduct he had waived or abandoned his rights in the property.

Error to Genesee. (Newton, J.) Argued May 15 and 16, 1888. Decided October 26, 1888.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Durand & Carton*, for appellant, contended:

1. In favor of the right of a vendor to pass possession of property to a vendee, while retaining title in himself, and to impose conditions precedent upon the transfer of the title, and that until' such conditions are complied with no title passes to the vendee, nor can he convey any to third parties; citing *Couse v. Tregent*,

11 Mich. 65; *Dunlap v. Gleason*, 16 Id. 158; *Whitney v. McConnell*, 29 Id. 12; *Smith v. Lozo*, 42 Id. 6; *Mfg. Co. v. Jeffery*, 49 Id. 283.

*Hicok & Russell*, for plaintiff, contended:

1. The contract was one of suretyship, and not a conditional sale. In all doubtful cases the law will construe a contract to be a mortgage, and not a conditional sale, and the surrounding circumstances will be taken into consideration in construing the instrument; citing *Cornell v. Hall*, 22 Mich. 377; *Hurd v. Brown*, 37 Id. 484; *Cooper v. Brock*, 41 Id. 488; *Iron Works v. Teuton*, 67 Id. 623.

SHERWOOD, C. J. This is an action of replevin, brought by the plaintiff to recover two pianos and an organ. The property was taken upon the writ, and delivered over to the plaintiff.

The plea was the general issue, with notice that defendant would show that, if he ever had possession of the property, it was because he held the legal title at that time, and was so to continue to hold the same until a certain sum of money, to wit, $250, and the accruing interest thereon, should be paid upon a note signed by him on account of the purchase of the property, and which has never been paid, nor defendant released from said note; defendant being entitled to possession of the property until thus released.

The cause was tried in the Genesee circuit by jury, before Judge Newton, and the plaintiff prevailed. The cause is now before us for review on error. Eight errors are assigned.

In February, 1887, J. C. Stowell was proprietor of a normal school in the city of Flint, and on May 3 of that year gave the plaintiff a chattel mortgage upon the property; he claiming to be the owner thereof, and in the apparent possession, at the time. The mortgage became due on or about July 6, 1887, and, not being paid, the

plaintiff foreclosed his mortgage, and, finding defendant in possession of the property, and refusing to give it up, plaintiff brought this suit, basing his right to the property upon the interest he obtained through the mortgage. At the time of the giving of the plaintiff's chattel mortgage, Stowell had rented of a company, who owned it, the Conservatory of Music, and the property was situate therein, and used by him in connection with his school. The company owned the pianos and organ at the time Stowell claimed that he bought them.

It was the theory of the defendant, and he gave testimony tending to show, that he bought the property of the Conservatory of Music, and sold it to Stowell, giving him time to pay for it, upon the condition that the title should remain in defendant until the property was paid for, and that a certain time was fixed for payment; that Stowell never paid for the property, and never had any exclusive possession of the same.

It was the claim of the plaintiff that the sale to Stowell was absolute, and passed the title to him, and which was long before the mortgage was given, and he gave testimony to that effect.

Upon these two theories the cause was tried; Stowell and Stone testifying directly opposite to each other upon the main question, and there were corroborating circumstances tending to support each. The jury passed upon this conflicting evidence, and found for the plaintiff.

It remains to be ascertained whether error was committed in the charge or any of the rulings of the court. If not, the judgment must stand. The assignments of error all relate to the charge and refusals to charge.

At the close of the trial counsel for defendant asked the court to give the following requests:

"1. If the jury find that it was agreed between defendant, Stone, and J. C. Stowell that, in consideration that

Stone signed the note for two hundred and fifteen dollars in part payment for the pianos and organ in question, the pianos and organ were to belong to Stone until the note should be paid by Stowell, and that Stone signed said note upon that agreement, then the plaintiff cannot recover, and defendant is entitled to a verdict for the amount unpaid upon said purchase price, and which Stone became liable for and paid.

" 2. Stowell could give no better title to the property than he himself had, and he could only mortgage that which belonged to him."

These were not given altogether as requested, and defendant's counsel excepted. The court gave the following requests as asked by counsel for plaintiff: ;

"4. If the arrangement was as Mr. Stone stated it to be, and the jury find the fact to be that Mr. Stone was the real purchaser of the property, and that Mr. Stowell was simply Mr. Stone's agent in the matter, still, if they find that Mr. Stone allowed Mr. Stowell to hold himself out to the world as the real owner of the property, and allowed the property to remain in Mr. Stowell's possession, he cannot defend against an innocent purchaser or person who has dealt with Mr. Stowell in good faith, believing the property to have been his, and who had no means of knowing that Mr. Stone had any interest in the property."

" 6. If the jury shall find that Stowell purchased the property for Stone without disclosing that fact, and that Stone never asserted any act of ownership over them, and allowed Stowell to assert himself as the true owner, he was bound by his subsequent acts, and in that case you will find for the plaintiff."

· "8. Mr. Stone might have protected himself perfectly by taking the property into his possession, or by taking a chattel mortgage on the same, and filing it in the city clerk's office.

" *By the Court.* That is true as an abstract proposition of law.

"9. Mr. Stone could not have made a conditional sale to Stowell unless he had the title to the property. If the jury find that the title to the property at the time the sale of the property took place was in the Conserva-

tory of Music, then Stone could not have made a conditional sale to Stowell, and in that case you must find for the plaintiff."

The difficulty with defendant's first request is, it ignores the question of suretyship of Stone upon the note, and the question of waiver of the rights Stone claimed, if what Stone claims is true, by the manner he allowed the vendee to treat and handle the property. There was no doubt but that the plaintiff was a *bona fide* holder of the mortgage interest, and his lien, if he had any, was in good faith; and the rights of the defendant under a conditional sale to Stowell, such as Stone claimed, should not have been submitted to the jury apart from the circumstances showing or tending to show that such rights, by the conduct and treatment of Stone, had been waived or abandoned; and this the court was asked to do in this request.

Stone swears that Stowell used the property, had possession of the room in which it was placed; and Bates says he delivered the property to Stowell when the sale was made. These are facts of much significance, coming from the defendant and this witness.

The second request of defendant, while true in the abstract, under our recording laws must be taken with some qualifications, and under the facts in this case should not have been given without the qualifications. I see no error in refusing these requests as asked.

There was no error committed in giving the four requests asked by counsel for plaintiff. Under the circumstances of the case, and theories of counsel, they were clearly proper and appropriate.

There was testimony in the case tending to show that Stowell bought the property of the Conservatory of Music. The plaintiff's testimony tends strongly to show this.

There is no question but that the plaintiff's mortgage was duly filed.

Three paragraphs of the charge of the court were excepted to by counsel for defendant, which were given upon the court's own motion, and an examination of the same has not disclosed any error which we think should be held sufficient to reverse this judgment, and it must therefore be affirmed.

CHAMPLIN, MORSE, and CAMPBELL, JJ., concurred. LONG, J., did not sit.